IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 19-cv-00238-FL

| | |
|---|---|
| PRIME COMMUNICATIONS, L.P.,<br><br>            Plaintiff,<br><br>v.<br><br>RAGSDALE LIGGETT, P.L.L.C.,<br><br>            Defendant. | **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |

Defendant, pursuant to Local Civil Rules 7.1(e) and 7.2, submits this memorandum in support of its Motion to Compel Discovery.

## NATURE OF THE CASE

This action arises out of Defendant's representation of Plaintiff from 2012 to 2017 in the civil action entitled *Lorenzo v. Prime Communications, L.P.*, No. 5:12-CV-69-H. After this case was transferred from the Southern District of Texas, this Court dismissed Plaintiff's claim for legal malpractice on October 31, 2019. [D.E. 56]. In its Second Amended Complaint, filed on November 11, 2019, Plaintiff asserts claims for breach of contract, breach of fiduciary duty, breach of the duty of good faith and fair dealing, fraud, and declaratory judgment. [D.E. 57]. This matter is before the Court on Defendant's Motion to Compel responses to its Second Request for Production of Documents, served on November 14, 2019.

## STATEMENT OF FACTS

Defendant represented Prime in the Lorenzo action, beginning in 2012, and until it was permitted to withdraw by this Court on June 6, 2017. [*Lorenzo*, D.E. 350]. In its Second Amended Complaint, Plaintiff alleges that it was "forced to settle" the Lorenzo case in June, 2019, because of errors in the defense that it attributes to Defendant. It also alleges that it was

1

"forced to hire new counsel," and that it incurred attorney's fees that it contends it would not have otherwise incurred. [D.E. 57].

Prior to the transfer of this matter to this Court, Defendant had served a request for production of documents, seeking various documents relating to the *Lorenzo* action. (Exhibit A to Motion to Compel). Plaintiff objected to all but one request on the grounds that each was overbroad or failed to properly identify a category of documents to be produced. Although some documents were produced, Plaintiff did not identify which documents were withheld based upon its objections. Additionally, while Plaintiff produced documents generated by, or exchanged with, Defendant over the course of the *Lorenzo* action, it did not produce any documents generated after Defendant withdrew from representation, other than the legal bills of its counsel. Further, Plaintiff produced no internal memoranda or communications concerning the *Lorenzo* case.

After the Complaint was amended for the second time, Defendant served a Second Request for Production of Documents, narrowing the scope to seek documents reflecting the evaluation of the alleged liability and damages, so that Defendant can determine whether, and to what extent, its conduct actually impacted the settlement of the *Lorenzo* action. Defendant also sought documents relating to the settlement, the attorneys' fees incurred in the defense of the *Lorenzo* case, and any communications with the representative of Plaintiff's insurer. Plaintiff objected to each of these requests on the grounds that they were overly broad, and many on the grounds that they were not likely to lead to the discovery of admissible evidence.

As required by the applicable rules and this Court's orders, the parties conferred about these objections to Defendant's requests. Defendant clarified that it was not seeking production of documents that had already been provided or documents that had been exchanged between the parties during the *Lorenzo* action, and specified the nature of the documents that it was seeking.

2

After multiple communications, however, the only additional document that Plaintiff agreed to produce was a memorandum generated at the mediation of the underlying action, reflecting the settlement.

**ARGUMENT**

I.  Applicable Standards for Discovery and Objections

The discovery rules under the Federal Rules of Civil Procedure are given a "broad and liberal treatment." *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1). The Supreme Court has held "the key phrase in this definition - 'relevant to the subject matter involved in the pending action'— has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Each response to a request for production under Fed. R. Civ. P. 34 must either "[1] state that inspection and related activities will be permitted as requested or [2] state with specificity the grounds for objecting to the request, including the reasons for such objection." Fed. R. Civ. P. 34(b). Once an objection is made to a request for the production of documents, the responding party must "state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c); *See also Futreal v. Ringle*, No. 7:18-CV-00029-FL, 2019 WL 137587 (E.D.N.C. Jan. 8, 2019) (quoting Fed. R. Civ. P. 34(b)(2)(B)).

3

Federal courts "often reject general objections to requests for discovery." *See Futreal*, at *4 (E.D.N.C. Jan. 8, 2019) (*citing FDIC v. Arrillaga-Torrens*, 212 F. Supp. 3d 312 (D.P.R. 2016). A party objecting to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Patten v. Hall,* No. 5:15-CT-3118-FL*,* 2017 WL 6062258, at *2 (E.D.N.C. Dec. 7, 2017). "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive, and irrelevant' does not suffice as a specific objection." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (citing *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D.Pa. 1996) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982).

If a request is "objected to as being overbroad… the party should state how much of the request it considers appropriate and produce responsive materials within those parameters." Steven S. Gensler, *Rule 34. Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes*, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 34 (2019). *See Futreal* at *5 (E.D.N.C. Jan. 8, 2019) (holding a party should include "a statement that the responding party will limit the search to documents… or to specified sources.)"

Moreover, Rule 26(b) was amended December 1, 2015 to eliminate the phrase that inadmissible evidence was discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." These words were replaced with "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The Advisory Committee stated:

> The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is

4

also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the "reasonably calculated" phrase to define the scope of discovery "might swallow any other limitation on the scope of discovery." The 2000 amendments sought to prevent such misuse by adding the word "relevant" at the beginning of the sentence, making clear that "relevant" means within the scope of discovery as defined in this subdivision...." The "reasonably calculated" phrase has continued to create problems, however, and is removed by these amendments.

Rule 26 Advisory Committee's notes (2015); *see also, Indus. Packaging Supplies, Inc. v. Davidson*, No. CV 6:18-0651-TMC, 2019 WL 850903, at *3 (D.S.C. Feb. 22, 2019).

II. <u>Deficiencies in Plaintiff's Document Request Responses</u>

In Defendant's Second Request for Production Nos. 1, and 2, Plaintiff was asked to produce copies of documents evaluating or discussing the possibility that the *Lorenzo* lawsuit would result in an outcome favorable to the plaintiffs in that case, or Prime, respectively. In response to both, the Plaintiff identically objected to each on the grounds that:

> … it is overbroad, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and that it fails to identify a category of documents with reasonable particularity.
>
> Subject to the above objections, see previously produced documents.

Similarly, in Defendant's Second Request for Production No. 3, the Plaintiff was asked to produce documents evaluating or discussing the potential monetary award in the event the *Lorenzo* lawsuit resulted in an outcome in favor of the plaintiffs. For the third time, the Plaintiff objected to this request on the grounds that "it is not reasonably calculated to lead to the discovery of relevant or admissible evidence, is overbroad, and fails to identify a category of documents with reasonable particularity."

These objections and responses are entirely unsupported by the Federal Rules of Civil Procedure, case law, and are inconsistent with the Plaintiff's allegations. In the Second Amended Complaint, the Plaintiff alleged that Prime was "forced to settle" the *Lorenzo* case as a

result of Ragsdale's alleged "failures." The reasons for the settlement are squarely at issue in this case. It is, of course, possible that Plaintiff was liable to the underlying plaintiffs in the *Lorenzo* action, as the *Lorenzo* plaintiffs alleged. The risk of that liability also could have played a role in the settlement reached in *Lorenzo*. Thus, any evaluation of liability and damages of the *Lorenzo* matter is relevant to whether Defendant's conduct caused or impacted the settlement in *Lorenzo*. Because these Requests for Production seek information that is relevant to Plaintiff's claims, they are proper under Fed. R. Civ. P. 26(b)(1). As set out above, Plaintiff has produced documents that generated by or exchanged with Defendant during the time that Defendant was involved in the *Lorenzo* case; however, Plaintiff has failed to produce documents reflecting any evaluation of the case by its substitute counsel in the two years following Defendant's withdrawal. It also has produced no documents that Plaintiff generated internally evaluating the case.

Further, Plaintiff's objections are insufficient under the cases cited above. While Plaintiff claims the requests are "overbroad," it has failed to state how much of the request it considered appropriate or produce responsive materials. Further, these requests specifically seek documents relating to the crucial issue of the connection between Defendant's conduct and Plaintiff's purported damages, and not all documents related to the *Lorenzo* case in general. For the same reason, the objection that the category of documents is not described with "reasonable particularity" fails. *See, Rodriguez Martinez v. Mendoza*, No. 5:17-CV-628-FL, 2019 WL 5606568, at *4 (E.D.N.C. Oct. 29, 2019)(requests seeking categories such as "all documents relating to payroll records" were proper, while a request for "all documents" which support or refute any of the claims or defense alleged by the parties, were not.). Finally, the regurgitated

objection that the requests are not "reasonably calculated to lead to the discovery of admissible evidence" is no longer appropriate under the Rules.

Requests for Production Nos. 4, 5, and 9 seek documents relating to the amount of the settlement of the Lorenzo suit, and the relationship between that amount and Defendant's alleged conduct. Request for Production No. 4 seeks documents that support Plaintiff's calculation of damages arising from the settlement of the *Lorenzo* lawsuit. Request No. 5 asks for documents that support Plaintiff's contention that the amounts paid in settlement of the claims were caused by Defendant. Request No. 9 seeks documents reflecting or pertaining to the settlement of the *Lorenzo* lawsuit. Plaintiff objected to each on the grounds that it was overbroad. With regard to Request No. 4, Plaintiff also referred to its prior production: however, the only produced documents that appears relevant to this request are documents concerning the report of the *Lorenzo* plaintiffs' experts, and Plaintiff does not state whether other, unproduced documents exist. With regard to Requests Nos. 5 and 9, Plaintiff also objected on the grounds that they were "not reasonably calculated to lead to the discovery of relevant or admissible evidence."

In its Second Amended Complaint, Plaintiff alleges it is entitled to recover the amounts paid to the *Lorenzo* plaintiffs in settlement. Thus, these requests are directly relevant to Plaintiff's claimed category of damages. Plaintiff's boilerplate, general, and repeated objections are again, unsupported by the Federal Rules of Civil Procedure and case law. In the Second Amended Complaint, Plaintiff alleged "Given Ragsdale's prior failures, Prime Communications was faced with a difficult decision. It could either proceed to trial…or it could cut its losses and settle the case." These requests are within the scope of discovery as they seek documents directly related to these allegations. Furthermore, even if the Plaintiff truly contends the requests are "overbroad," it has the duty to state how much of the request it considers appropriate and

7

produce responsive materials within that scope. Fed. R. Civ. P. 34. Moreover, the objection on the grounds that the requests are not "reasonably calculated to lead to the discovery of admissible evidence" has been improper since December 1, 2015.

Request for Production No. 6 seeks documents, including but not limited to legal bills, that support the amount of legal fees the Plaintiff contends it is entitled to recover as damages. Request No. 7 seeks documents supporting the contention that those fees were incurred as a result of Defendant's actions. Plaintiff objected to both on the grounds of that they were overbroad, and further objected to No. 7 on the grounds that it was "vague and confusing." Plaintiff also referred Defendant to documents already produced in discovery, which Defendant now understands to refer to the legal bills produced in discovery. In the discussions about this discovery dispute, as reflected in the attachment to Defendant's motion, Defendant explained to Plaintiff the nature of the documents it is requesting: "We understand that it is your position that your client is entitled to recover all legal fees that your client paid after Ragsdale withdrew. One other measure of damages, however, would be 'the expense of having to undertake efforts to address or correct [Ragsdale's] alleged errors.' Thus, in response to RPDs 6 and 7, please produce any documentation that you have that work had to be done to correct or otherwise address anything that you contend Ragsdale did incorrectly." (quoting, D.E. 56, p. 10). These requests are not overbroad, and Plaintiff should produce any and all responsive documents.

In Defendant's Second Request for Production No. 8, Plaintiff was asked to produce documents relating to communications between Plaintiff and Barbara Costello, of Kaufman Borgeest & Ryan, LLP, the representative of Plaintiff's insurer. Plaintiff responded by stating "Plaintiff objects to this request on the basis that it is overbroad. Subject to the above objections, see previously produced documents."

8

Case 5:19-cv-00238-FL   Document 64   Filed 01/31/20   Page 8 of 11

This request identifies a specific category of documents and is not overbroad. While Plaintiff has produced documents on which Defendant was copied at the time the document was generated, it has not produced any such correspondence solely between the Plaintiff and Ms. Costello. Any such documents are relevant, because in the agreement between the parties at issue in this case, Plaintiff agreed to use its "best efforts" to ensure that Defendant's fees were paid by the available insurance. Defendant has alleged that Plaintiff breached that obligation, and thus Plaintiff's communications with Costello are relevant to defenses in this case. Additionally, these documents could reflect evaluations of liability and potential damages in the *Lorenzo* action. Indeed, unlike many of the other requests, Plaintiff did not contend that the information sought by this request is not relevant. Plaintiff, therefore, should produce all responsive documents.

Finally, Plaintiff has attempted to justify its failure to produce any documents in response to Defendant's second request, on the grounds that the requested documents were within the scope of documents sought in Defendant's first request. While it is true that these documents were requested by Defendant in its first set of discovery, it is not true that they were not produced. Plaintiff objected to all but one of Defendant's first requests on the grounds that they were overbroad, failed to identify a category of documents with reasonable particularity, or both. Plaintiff failed to produce any documents in response to many of these requests, and also failed to identify documents being withheld on the basis of its objections. (Exhibit A to Motion to Compel). Because Plaintiff objected to all but one of Defendant's first requests and failed to produce requested documents, Defendant served its Second Request for Production, narrowing the scope of the documents sought to the claims alleged in the Second Amended Complaint. In response to this Second Request for Production, Plaintiff failed to produce any documents at all,

relying on its previously incomplete document production. Plaintiff should not be permitted to avoid producing relevant documents by objecting to one set of discovery as overbroad, and objecting to a more narrowly-drawn set of discovery on the grounds that it has been asked for this information previously. Plaintiff has, for the second time, refused to produce documents within the permissible scope of discovery under Fed. R. Civ. P. 26. Plaintiff should be compelled to produce all documents responsive to Defendant's Second Request for Production of Documents.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court grant Defendant's Motion to Compel and order the Plaintiff to produce all documents responsive to Defendant's Second Request for Production of Documents.

This, the 31st day of January, 2020.

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

By: **/s/ Patricia P. Shields**
**PATRICIA P. SHIELDS**
**N.C. State Bar No. 13005**
**TATIANA M. TERRY**
**N.C. State Bar No. 55194**
**Attorneys for Defendant**
**4131 Parklake Ave, Suite 300, Raleigh, NC 27612**
**919-832-9424**
Email: pshields@hedrickgardner.com
Email: ttery@hedrickgardner.com

# CERTIFICATE OF SERVICE

I certify that on this date I electronically filed the foregoing Memorandum in Support of Defendant's Motion to Compel with the Clerk of US District Court, Eastern District of North Carolina, using the CM/ECF system which will send notification of the filing to the following:

>Ashish Mahendru
>Darren Braun
>Mahendru, P.C.
>639 Heights Blvd.
>Houston, TX  77007
>Attorneys for Plaintiff
>
>John M. Kirby
>Law Offices of John M. Kirby
>4801 GLENWOOD AVE. SUITE 200
>Raleigh, NC 27612
>919-861-9050
>Fax: 919-390-0325
>Email: john@legal-nc.com

This the __31st__ day of January, 2020.

>/s/ PATRICIA P. SHIELDS
>**PATRICIA P. SHIELDS**
>**N.C. State Bar No. 13005**
>**Attorney for Defendant**
>**4131 Parklake Ave, Suite 300, Raleigh, NC 27612**
>**919-832-9424**
>**Email:** pshields@hedrickgardner.com