IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-238-FL

| | |
|---|---|
| PRIME COMMUNICATIONS, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RAGSDALE LIGGETT, PLLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's motion to compel production of documents. [DE-63]. Plaintiff did not respond to the motion, and the time to do so under Local Civ. R. 7.1(f)(2) has expired. Accordingly, the motion is ripe for decision. For the reasons stated below, Defendant's motion to compel is allowed.

## I. BACKGROUND

This action arises from Defendant Ragsdale Liggett, PLLC's legal representation of Plaintiff Prime Communications, L.P. in a prior lawsuit Sec. Am. Compl. [DE-57]. Remaining in the case are Prime's claims for breach of contract, breach of duty of good faith and fair dealing, breach of fiduciary duty, fraud, and declaratory judgment. *Id.*; Oct. 31, 2019 Order [DE-56]. After Plaintiff filed its second amended complaint on November 7, 2019, Defendant served its Second Request for Production of Documents ("Second RFP") on or about November 14, 2019. Def.'s Mot. [DE-63] ¶¶ 8–9. Plaintiff responded but did not produce any documents or identify documents it was withholding on the basis of its objections. *Id.* ¶ 10. The instant motion filed January 31, 2020, seeks to compel Plaintiff to produce documents in response to Defendant's Second RFP. *Id.* at 3–4.

In a February 28, 2020 joint motion to extend case deadlines, the parties stated that between February 13 and 21, 2020, Plaintiff produced in excess of 20,000 additional documents. [DE-65]. The court inquired informally of counsel whether that document production mooted the motion to compel. Plaintiff's position was that the document production resolved the issues raised in the motion and that it was not withholding documents on the basis of objections. Defendant's position was that it continued to review the documents but was not satisfied with Plaintiff's assurances that all requested documents had been produced. Accordingly, the court will rule on the motion.

## II. STANDARD OF REVIEW

Rule 26(b)(1), Fed. R. Civ. P., provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Rule 37, Fed. R. Civ. P., provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "Additionally,

the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted). Accordingly, as the party resisting discovery, it is Plaintiff's burden to show why discovery should be denied.

### III. DISCUSSION

Defendant identified deficiencies in each of Plaintiff's responses to the Second RFP. Def.'s Mem. [DE-64] at 5–10. The court will address them in turn.

**Second RFP 1, 2, and 3**

1. Copies of all documents, including, but not limited to, correspondence, emails, text messages, letters, spreadsheets, and/or recordings from you or to you, that evaluate, discuss, analyze or estimate the possibility that the Underlying Lawsuit would result in a verdict or other outcome that would be favorable to the plaintiffs in the Underlying Lawsuit.

2. Copies of all documents, including, but not limited to, correspondence, emails, text messages, letters, spreadsheets, and/or recordings from you or to you, that evaluate, discuss, analyze or estimate the possibility that the Underlying Lawsuit would result in a verdict or other outcome that would be favorable to Prime.

3. Copies of all documents, including, but not limited to, correspondence, emails, text messages, letters, spreadsheets, and/or recordings from you or to you, that evaluate, discuss, analyze or estimate the potential monetary award in the event the Underlying Lawsuit resulted in a verdict or other outcome in favor of the plaintiffs in the Underlying Lawsuit.

[DE-63-3] at 3. In response to Second RFP 1 and 2, Plaintiff lodged the same objection:

> Plaintiff objects to this request on the basis that it is overbroad, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and that it fails to identify a category of documents with reasonable particularity.

3

Subject to the above objections, see previously produced documents.

*Id.* In response to Second RFP 3, Plaintiff objected that the request was "not reasonably calculated to lead to the discovery of relevant or admissible evidence." *Id.* at 3–4.

Plaintiff's responses to Second RFP 1 through 3 are impermissible boilerplate objections. *See ALDI Inc. v. Maraccini*, No. 5:19-CV-76-FL, 2019 WL 8051715, at *4 (E.D.N.C. May 15, 2019) (allowing a motion to compel where objections such as "overly broad" and "not reasonably calculated to lead to the discovery of admissible evidence" were found to be boilerplate). Furthermore, the amendments to the Federal Rules of Civil Procedure that went into effect in December 2015 deleted the "reasonably calculated" language from Rule 26. *Patten v. Hall*, No. 5:15-CT-3118-FL, 2017 WL 6062258, at *4 (E.D.N.C. Dec. 7, 2017). The rule now provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court finds the requested documents to be within the scope of discovery and stated with sufficient particularity, and Plaintiff made no objection as to proportionality. Accordingly, Plaintiff shall supplement its responses to provide any documents not already produced that are responsive to Second RFP 1 through 3 within fourteen (14) days of the date of this order.

### Second RFP 4, 5, and 9

4. Copies of all documents, including, but not limited to, contracts, receipts, correspondence, emails, invoices, bills, letters, and/or recordings from you or to you, statements of account, and checks that support your calculation of damages arising from the settlement of the Underlying Lawsuit.

5. Copies of all documents, including, but not limited to, contracts, receipts, correspondence, emails, invoices, bills, letters, and/or recordings from you or to you, statements of account, and checks that support your contention that the amounts paid in settlement of the claims in the Underlying Lawsuit was caused by any conduct of Defendant.

9. Copies of all documents, including, but not limited to, contracts, receipts, correspondence, emails, invoices, bills, letters, and/or recordings from you or to you, statements of account, and checks and any/all other documents reflecting or pertaining to the settlement of the Underlying Lawsuit.

[DE-63-3] at 4–5. Plaintiff responded that the requests were either overbroad and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. *Id.* Plaintiff's boilerplate objections are impermissible, *ALDI Inc.*, 2019 WL 8051715, at *4, and the requests are relevant to Plaintiff's claims related to settlement of the underlying lawsuit that forms the basis of this action and to damages. Furthermore, while "[b]road and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous," *Preferred Carolinas Realty, Inc. v. Am. Home Realty Network, Inc.*, No. 1:13-CV-181, 2014 WL 1320133; at *3 (M.D.N.C. Mar. 28, 2014), these requests seek all documents in a specified category and are not overbroad. Accordingly, Plaintiff shall supplement its responses to provide any documents not already produced that are responsive to Second RFP 4, 5, and 9 within fourteen (14) days of the date of this order.

### Second RFP 6 and 7

6. Copies of all documents, including, but not limited to, contracts, receipts, correspondence, emails, invoices, bills, letters, and/or recordings from you or to you, statements of account, and checks that support the amount of legal fees that you contend you are entitled to recover as damages.

7. Copies of all documents, including, but not limited to, contracts, receipts, correspondence, emails, invoices, bills, letters, and/or recordings from you or to you, statements of account, and checks that support your contention that the amount of legal fees that you contend you are entitled to recover as damages were incurred as a result of the conduct of Defendant.

[DE-63-3] at 4–5. Plaintiff responded that the first request was overbroad and the second was overbroad, vague, and confusing. *Id.* These requests are relevant to the issue of damages, specifically the amount of legal fees Plaintiff seeks as damages and whether those fees were

incurred due to Defendant's conduct. The general objections lodged by Plaintiff are insufficient to demonstrate that the requests are either overbroad or vague and confusing. Accordingly, Plaintiff shall supplement its responses to provide any documents not already produced that are responsive to Second RFP 6 and 7 within fourteen (14) days of the date of this order.

### Second RFP 8

8. Copies of all documents, including, but not limited to, contracts, receipts, correspondence, emails, invoices, bills, letters, and/or recordings from you or to you, statements of account, checks, and any form of communication between Prime Communication, LP and Barbara Costello, of Kaufman Borgeest & Ryan, LLP.

*Id.* at 5. Plaintiff responded that the request was overbroad and "[s]ubject to the above objections, see previously produced documents." *Id.* However, Defendant's request seeks a specific category of documents, and Plaintiff has failed to demonstrate that the request is overbroad. Accordingly, Plaintiff shall supplement its responses to provide any documents not already produced that are responsive to Second RFP 8 within fourteen (14) days of the date of this order.

### Attorney's Fees

Defendant also seeks reasonable expenses and attorney's fees incurred in making the motion. [DE-63] at 4. Defendant included the request for fees in its motion but did not brief the issue in its memorandum. Accordingly, the court declines to address it and expresses no opinion as to whether an award of fees is warranted in this case. If Defendant wishes to pursue the request for attorney's fees, it must file a supplemental brief on the issue within seven (7) days, and Plaintiff shall have fourteen (14) days to respond.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to compel [DE-63] is allowed, and Plaintiff shall supplement its responses to provide any responsive documents not already produced within

fourteen (14) days of the date of this order.

So ordered, the _19_ day of March 2020.

Robert B. Jones, Jr.
United States Magistrate Judge