IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 19-cv-00238-FL

| | |
|---|---|
| PRIME COMMUNICATIONS, L.P.,<br><br>Plaintiff,<br>v.<br>RAGSDALE LIGGETT, P.L.L.C.,<br><br>Defendant. | **DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |

Defendant, pursuant to Local Civil Rules 7.2, and this Court's Order entered March 19, 2020, submits this supplemental brief in support of its request for attorney's fees in its Motion to Compel.

## NATURE OF THE CASE

By Order entered March 19, 2020, this Court granted Defendant's Motion to Compel Discovery in its entirety. [D.E. 67]. The Court granted Defendant leave to file this supplemental brief in support of its request for attorney's fees its motion. [D.E. 63].

## STATEMENT OF FACTS

As explained in Defendant's Motion to Compel Discovery and supporting Memorandum, this action arises out of Defendant's representation of Plaintiff in a civil action filed in this Court. After this Court allowed Plaintiff to amend its Complaint, Defendant served a Second Request for Production of Documents, tailored to seek information related to the claims alleged in the Second Amended Complaint. Plaintiff responded to this discovery, but did not produce any documents or identify documents it was withholding based on its objections. As pointed out in Defendant's Motion and Memorandum [DE 63, 64], up to that point, Plaintiff had not produced any documents

1

generated by its counsel following Defendant's withdrawal from representation, or "any internal documents generated by Plaintiff at any time." [DE 63, ¶11].

Counsel for Defendant made a good faith attempt to resolve this discovery dispute prior to filing its Motion to Compel Discovery. The parties engaged in electronic correspondence and telephone conferences on these issues. [DE 63, ¶11, DE 63-1, Exhibit D]. Defendant pointed out that the discovery sought "internal Prime documents." [DE 63-1, p. 7]. Prior to the filing of the Motion, Plaintiff failed to produce any documents in response to the discovery, other than a memorandum generated at the mediation of the underlying action. [DE 63].

Defendant filed its Motion to Compel Discovery on January 31, 2020. [DE 63]. Plaintiff did not respond to this motion. On February 18 and 21, 2020, Plaintiff supplemented its document production, producing approximately 23,475 documents. [Terry Decl.] Defendant's counsel has just now completed its review of the documents produced. While voluminous documents were produced containing communications with Plaintiff's new counsel following Defendant's withdrawal from representation, review has disclosed no internal documents between Prime employees, partners or managers concerning the topics requested, other than some later forwarded to new counsel. [Terry Decl.]

On March 19, 2020, this Court allowed Defendant's Motion to Compel, concluding that all of Plaintiff's objections were "impermissible boilerplate" and/or were otherwise improper. [DE 67].

Defendant incurred $6,321.50 in attorney's fees in connection with the Motion to Compel. [Shields Decl.]

### ARGUMENT

A. <u>Plaintiff Should Be Ordered to Pay Attorney's Fees</u>

Fed. R. Civ. P. 37(a)(5)(A) provides:

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion [for an order compelling discovery] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
    (iii) other circumstances make an award of expenses unjust.

Under Rule 37, an "award of expenses is mandatory" unless the stated exceptions are met. *AMEC Env't & Infrastructure, Inc. v. Structural Assocs., Inc.*, No. 7:13-CV-21-BO, 2015 WL 13187388, at *3 (E.D.N.C. Mar. 24, 2015). Further, the Rule expressly recognizes that the production of "most of the documents sought in the motion to compel prior to the entry of the court's order does not vitiate the appropriateness of an award." *Id.* "The party facing an award of expenses under Rule 37 has the burden of persuasion to show that an award is not justified." *Hodges v. First Am. Bank & Tr. Co.*, No. 2:11CV02, 2012 WL 1077789, at *1 (W.D.N.C. Mar. 30, 2012).

In the present case, Defendant's Motion to Compel Discovery was granted in its entirety. While Plaintiff produced some responsive documentation, that production did not occur until after the Motion to Compel was filed. Further, that production is not complete, inasmuch as Plaintiff has only produced documents exchanged with its outside counsel, and has produced no internal documentation. Thus, under Rule 37, fees must be awarded, unless one of the exceptions in the Rule is met.

None of the exceptions in Rule 37(a)(5)(A) apply here. As demonstrated in Defendant's Motion to Compel and attached exhibits, Defendant attempted in good faith to obtain the

3

discovery without court action. "Although there is no definition of what constitutes a good-faith effort to meet and confer, it is characterized as a 'meaningful opportunity to resolve ... dispute[s] without court intervention.'" *Coleman on behalf of N.C. v. Wake Cty. Bd. of Educ.*, No. 5:17-CV-00295-FL, 2019 WL 2932740, at *2 (E.D.N.C. July 8, 2019)(citation omitted). Defendant sent Plaintiff a detailed deficiency letter, and had email and telephonic conversations with Plaintiff's counsel. Following the conference with the Court required by our local rules, Defendant's counsel followed up with an email detailing the information sought. Despite all of this communication explaining the reasons that the information sought was discoverable, and the inappropriateness of Plaintiff's objections, Plaintiff refused to produce documents before the Motion was filed. These efforts negate any reliance by Plaintiff on the first exception. *See LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 388 (D. Md. 2014).

An objection is "substantially justified" within the meaning of the second exception, "if there is a 'genuine dispute' as to proper resolution or if 'reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.,* 311 F. App'x 586, 599 (4th Cir. 2009), citing *Pierce v. Underwood*, 487 U.S. 552, 565–66 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). For the reasons expressly explained to Plaintiff's counsel in Defendant's deficiency letter, as set out in Defendant's Memorandum in Support of Defendant's Motion to Compel, and, most significantly, in this Court's Order, there was not a "genuine dispute" as to Plaintiff's objections, and Plaintiff could not have reasonably believed its position that it was not required to produce any documents in response to Defendant's discovery had a reasonable basis in law or fact. As this Court held, and as pointed out to Plaintiff's counsel before the Motion was filed, Plaintiff's boilerplate objections were improper, its objections that the requests "were not reasonably calculated to lead to the discovery of admissible evidence"

4

was improper under the current Rules, and the discovery was not overbroad, vague or confusing. Significantly, Plaintiff never filed a response to the Motion seeking to justify its objections.

Defendant cannot conceive of a reason that the award of fees here would be unjust. Plaintiff has never offered this Court a justification for its refusal to produce documents before Defendant's motion was filed. As set out above, none of Plaintiff's objections were appropriate, and Defendant's counsel explained that to Plaintiff's counsel in detail. Further, Defendant clarified and limited the scope of its requests to facilitate a resolution of this discovery dispute. Plaintiff produced some of the requested documents only after Defendant's motion was filed, and that production is not complete. Thus, the filing of the Motion and the issuance of an Order by the Court was necessary for Defendant to obtain documents that are unquestionably relevant to the matters at issue in this action.

B. The Attorney's Fees Requested Are Reasonable

When calculating attorney's fees under Rule 37, the court "must 'determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *King v. CMH Homes, Inc.*, No. 5:16-CV-693-D, 2017 WL 3037479, at *3–4 (E.D.N.C. June 21, 2017), report and recommendation adopted, No. 5:16-CV-693-D, 2017 WL 3034269 (E.D.N.C. July 17, 2017), citing *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). The court does this "by applying the Johnson/Barber factors." *Id.* These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship

5

> between attorney and client; and (12) attorney's fees awards in similar cases.

*Id.* (citation omitted). The Court "need not list each Johnson/Barber factor or comment on those factors that do not apply." *Id.*

The submissions in support of this request show that the hourly rates charged for this case by defense counsel are comparable to the prevailing rates in the community, and indeed, are substantially less than those charged by Plaintiff's counsel for its work in the *Lorenzo* action. Further, the time expended relating to the motion at issue was necessitated by Plaintiff's refusal to produce any documents responsive to Defendant's discovery requests, the very broad nature of Plaintiff's objections, and Plaintiff's reliance on outdated rules. The amount of time expended was similar to the time spent by Plaintiff's counsel on a similar motion in the *Lorenzo* action. Additionally, as shown in counsel's Declaration, "billing judgment" was exercised by counsel by eliminating unnecessary or redundant time before billing her client. *See McElmurry v. Alex C. Fergusson, Inc.*, No. 1:04CV00389, 2006 WL 8448429, at *1 (M.D.N.C. Aug. 17, 2006) (awarding fees of $7,606.00 for 42.3 hours of work on a motion to compel, reduced from a requested 66.8 hours). Thus, an appropriate lodestar amount for fees in this matter is the $6,321.50 actually billed to Defendant.

The relevant factors do not justify a reduction of this lodestar amount. As shown in the documents provided, lead defense counsel was retained because of her experience and ability in handling cases such as this. She has a long-standing relationship, both with Defendant and its insurer. Moreover, the Motion to Compel was allowed in its entirety.

The issues raised by the Motion to Compel Discovery may not appear difficult in retrospect, since Plaintiff did not respond to the motion. At the time the motion and memorandum were drafted, however, defense counsel reasonably assumed that a response would

6

be filed, and Plaintiff would offer some justification for its position. This motion was vitally important to Defendant's defense in this case. As shown in the Motion to Compel and supporting Memorandum, and as recognized by this Court's Order, this discovery was aimed at the heart of the issues of causation and damages in this matter. Plaintiff's failure to produce key information was not a matter that Defendant could take lightly. The requested documents would not have been produced, but for the Motion and this Court's Order. Thus, the time spent by counsel in pursuing this Motion was justified in defense of its client. Indeed, the fees sought here are comparable to those awarded in *McElmurry, supra,* for a similar motion fourteen years ago, and substantially less than was awarded for the efforts of the undersigned ten years ago in *Nat'l Diagnostics, Inc. v. Dollar Gen. Corp.*, No. 3:09-CV-80-W, 2010 WL 1418217, at *4 (W.D.N.C. Apr. 5, 2010) ($33,994.80 awarded for fees for work related to order directing opposing party to show cause, out of a total award of $44,071.80).

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests this Court order Plaintiff to pay Defendant $6,321.50 for attorneys' fees and costs incurred in filing Defendant's Motion to Compel Discovery.

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**
**By:** **/s/ PATRICIA P. SHIELDS**
**PATRICIA P. SHIELDS**
**N.C. State Bar No. 13005**
**TATIANA M. TERRY**
**N.C. State Bar No. 55194**
**Attorneys for Defendant**
**4131 Parklake Ave, Suite 300,**
**Raleigh, NC 27612**
**919-719-3729**
**Email: pshields@hedrickgardner.com**

# CERTIFICATE OF SERVICE

I certify that on this date I electronically filed the foregoing Supplemental Memorandum in Support of Defendant's Motion for Attorneys' Fees with the Clerk of US District Court, Eastern District of North Carolina, using the CM/ECF system which will send notification of the filing to the following:

>Ashish Mahendru
>Darren Braun
>Mahendru, P.C.
>639 Heights Blvd.
>Houston, TX 77007
>amahendru@thelitigationgroup.com
>dbraun@thelitigationgroup.com
>
>John M. Kirby
>Law Offices of John M. Kirby
>4801 Glenwood Avenue, Suite 200
>Raleigh, NC 27612
>john@legal-nc.com

**THIS THE 26TH DAY OF MARCH, 2020.**

>/s/ PATRICIA P. SHIELDS\_\_\_\_\_
>**N.C. State Bar No. 13005**
>**Attorney for Defendant**
>**4131 Parklake Avenue, Suite 300**
>**Raleigh, NC 27612**
>**(919) 719-3729**
>**Email: pshields@hedrickgardner.com**