IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 19-cv-00238-FL

| | |
|---|---|
| PRIME COMMUNICATIONS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> RAGSDALE LIGGETT, P.L.L.C, <br><br> Defendants. | **ORDER** |

This matter is before the Court on Defendant's Motion for Attorney's Fees. Having carefully considered the Motion, Briefs, Declarations and the exhibits attached thereto, and all materials submitted by either party and other documents properly before the Court, the Court makes the following findings of fact and conclusions of law, and orders as follows:

FINDINGS OF FACT

1. This action arises from Defendant's legal representation of Plaintiff in a prior lawsuit. Sec. Am. Compl. [DE-57].

2. After Plaintiff filed its Second Amended Complaint on November 7, 2019, Defendant served its Second Request for Production of Documents on or about November 14, 2019. Def.'s Mot. [DE-63]. Plaintiff responded, but did not produce any documents or identify documents it was withholding based upon its objections. *Id.*

*3.* Defendant made good faith attempts to obtain the disclosure of the discovery without court action. Def.'s Mot. [DE-63]. Despite these efforts, Plaintiff refused to produce any documents responsive to Defendant's discovery, other than a single memorandum generated

at the mediation in the prior lawsuit. *Id.*

4. Defendant filed its Motion to Compel Discovery on January 31, 2020. [DE 63]. Plaintiff did not file a response to the Motion.

5. On February 18 and 21, 2020, Plaintiff supplemented its document production, producing approximately 23,475 documents. Defendant has submitted evidence that its counsel has reviewed those documents, and certain requested documents were not included in that production. Terry. Decl. [DE-__].

6. On March 19, 2020, this Court entered an Order, allowing Defendant's Motion to Compel Discovery in its entirety. [DE-67]. This Court concluded that all of Plaintiff's discovery requests were proper, and Defendant's objections were unfounded. The Court, therefore, ordered Plaintiff to provide any responsive documents not already produced within fourteen days of the Court's order. *Id.*

7. The Court noted that Defendant sought reasonable expenses and attorney's fees incurred in making its motion, but did not brief this request in its memorandum. The Court declined to address the issue in its Order, and expressed no opinion as to whether an award of fees is warranted in this case, but ordered Defendant to file a supplemental brief on the issue within seven days of the Order. [DE-67]. Defendant filed a supplemental brief and supporting declarations within that seven days.

8. Lead counsel for Defendant in this matter is Patricia P. Shields with the law firm of Hedrick Gardner Kincheloe & Garofalo, LLP. She is assisted in this action by associate attorney, Tatiana M. Terry. Shields Decl. [DE-__ ].

9. Ms. Shields has been licensed to practice law in North Carolina since 1985. After completing law school, she served as an appellate law clerk at the North Carolina Court of Appeals.

Since 1987, Ms. Shields has engaged in the private practice of law, focusing on civil litigation, and has handled cases across the state of North Carolina, as well as in each district of the United States District Courts in North Carolina. Shields Decl. [DE- __ ].

10. Ms. Shields is known to be a highly skilled, capable and ethical attorney. She has received numerous awards and recognitions for her skills and abilities over the course of her career. She is particularly known for her ability as a legal malpractice defense attorney. Packer Decl. [DE- __ ].

11. Ms. Shields was retained to represent Defendant by its professional malpractice insurer, Lawyers Mutual Liability Insurance Company of North Carolina. She has assisted this company in representing its insureds for almost all of her private practice career. She has also known members of Defendant firm for much of her career, and Defendant selected her from a list of potential defense attorneys offered to them to represent the firm in this case. Shields Decl. [DE- __ ].

12. Defending attorneys in a lawsuit such as this one, requires knowledge and experience relating to the duties that attorneys owe to their clients generally and in the context of the specific matter for which they were retained, as well as the issues specific to the underlying representation. Shields Decl. [DE- __ ].

13. Ms. Terry was admitted to the bar in 2019, following her graduation from Campbell University School of Law. While she is new to the practice of law, she won both national and international advocacy tournaments while in law school. Shields Decl. [DE- __ ]; Terry Decl. Ex. A. Shields Decl. [DE- __ ].

14. Defendant's insurer pays Ms. Shields firm for its work on an hourly basis. The rate for Ms. Shields time is $235.00 per hour, and the rate for associates is $175.00 per hour. This has

been the hourly rate charged to this company since 2013, and is a discounted rate, based upon counsel's long-standing relationship with the company. Shields Decl. [DE- __ ]. These rates are consistent with, and generally less than, rates customarily charged by attorneys for like work. Shields Decl. [DE- __ ]; Packer Decl. [DE- __ ].

15. Ms. Terry did the research for the Motion to Compel Discovery filed by Defendant in this matter. She prepared the original draft motion and supporting memorandum, and chose the exhibits for those drafts. Ms. Shields revised the drafts, and made suggestions for further edits for Ms. Terry to make. Ms. Shields exercised billing judgment in billing her client for the tasks relating to the Motion to Compel, by deleting any time she considered potentially excessive or duplicative. Shields Decl. [DE- __ ].

16. The invoices issued by defense counsel's firm for this matter included 23.5 hours for Ms. Terry's time, for a total charge of $4,112.50 for her work. This amount included 5.7 hours ($997.50) for research; 5.7 hours (997.50) for drafting and revising the Motion to Compel and compiling the related exhibits; and 12.1 hours ($2,117.50) for drafting and revising the memorandum in support of the motion. Shields Decl. [DE- __ ].

17. The invoices issued by defense counsel's firm for this matter included 9.4 hours for Ms. Shields' time, for a total charge of $2,209.00 for her work. This amount included 2.6 hours ($611.00) revising the Motion to Compel, .5 hours ($117.50) selecting additional exhibits to the Motion to Compel, and 6.30 hours ($1480.50) revising the supporting memorandum. Shields Decl. [DE- __ ].

18. The information sought in Defendant's Second Request for Production of Documents was entirely relevant to the claims and defenses in this case. [DE-67]. Because Plaintiff failed to produce any documents, save the mediation memorandum, it was necessary for

Defendant to file the Motion to Compel Discovery to obtain these documents. Because defense counsel considered the discovery sought critical to the defense in this case, they reasonably believed it important to do a thorough job in presenting Defendant's position to this Court. Shields Decl. [DE- __ ]. The amount of time spent by defense counsel in connection with this Motion was reasonable.

## CONCLUSIONS OF LAW

1. The award of reasonable expenses incurred in making Defendant's Motion to Compel, including attorney's fees, is mandatory, because the motion was granted and Plaintiff produced some responsive documents only after the motion was filed, and no exception under Fed. R. Civ. P. 37(a)(5)(A) is present here.

2. Defendant attempted in good faith to obtain the discovery without court action.

3. Plaintiff's nondisclosure and objections were not substantially justified.

4. No circumstances exist that would make an award of expenses unjust.

5. The rates charged by defense counsel are reasonable, and are comparable to the customary fee for like work.

6. The hours billed by defense counsel for time relating to filing the motion were reasonable.

7. The "lodestar" figure for fees in this matter is $6,321.50.

8. The Court has considered the established factors for adjusting the lodestar figure, which are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed

by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

9. A consideration of these factors does not justify the adjustment of the lodestar figure.

For the foregoing reasons, Defendant's Motion for Attorney's Fees is granted. Plaintiff shall pay Defendants the reasonable attorneys' fees incurred in obtaining the Order compelling discovery, in the amount of $6,321.50, within fourteen (14) days of this Order.

So ordered, this the ___ day of April, 2020.

_____
Robert B. Jones, Jr.
United States Magistrate Presiding